People v S.B. (2025 NY Slip Op 51260(U))

[*1]

People v S.B.

2025 NY Slip Op 51260(U)

Decided on August 11, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 11, 2025
Youth Part, Erie County

The People of the State of New York

against
S.B., AO.

Docket No. FYC-72309-25/001

Nicholas Marino, Esq. (Assistant District Attorney)
Seth Seegert, Esq. (for Principal S.B.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Nicholas J. Marino, Esq. (Assistant District Attorney), dated July 23, 2025; responsive papers dated August 4, 2025 having been filed by Seth J. Seegert, Esq. on behalf of AO S.B.; oral argument and a hearing on the motion having been waived in writing by the ADA; and due deliberation having been had, the Court finds the following:
Procedural History
AO S.B. is charged under FYC-72270-25/001 with one count of Criminal Possession of Stolen Property in the Third Degree, a class D felony, contrary to PL § 165.50; one count of Unauthorized Use of a Vehicle in the Third Degree, a class A misdemeanor, contrary to PL § 165.05(1); and Criminal Possession of Stolen Property in the Fifth Degree, a class A misdemeanor, contrary to PL § 165.40.
AO S.B. is charged under FYC-72271-25/001 with Criminal Possession of a Weapon in [*2]the Second Degree, a class C felony, contrary to PL § 265.03(3); Criminal Possession of a Controlled Substance in the Fourth Degree, a class C felony, contrary to PL § 220.09(1); Criminal Possession of a Controlled Substance in the Third Degree, a class B felony, contrary to PL § 220.16(1); and Criminally Using Drug Paraphernalia in the Second Degree, a class A misdemeanor, contrary to PL § 220.50(2), (3).
AO S.B. is charged under FYC-72309-25/001 with one count of Criminal Possession of Stolen Property in the Third Degree, a class D felony, contrary to PL § 165.50; one count of Unauthorized Use of a Vehicle in the Third Degree, a class A misdemeanor, contrary to PL § 165.05(1); and Criminal Possession of Stolen Property in the Fifth Degree, a class A misdemeanor, contrary to PL § 165.40.
On June 20, 2025, AO S.B. was arraigned on FYC-72270-25/001 and FYC-72271-25/001 by Accessible Magistrate Erin Hart and held on bail in the amount of $75,000 A/C/E. Thereafter, AO S.B. appeared in Youth Part on June 20, 2025. Bail was set at $25,000 A, B, $75,000 E at 10%.
This Court arraigned AO S.B. on FYC-72309-25/001 on June 30, 2025 and set nominal bail.
On June 30, 2025, the People conceded the six-day reading under CPL § 722.23(2)(a) on all three dockets. The People indicated that they would make a motion under CPL § 722.23(1) requesting that the matters not be removed to Family Court. The Court set the following motion schedule: the People's Motion was due by July 23, 2025; Defendant's responsive papers were due by July 31, 2025, and a decision on the extraordinary circumstances motion was scheduled for August 11, 2025. The People's Motion was timely filed. Defendant's responsive papers were filed late, on August 4, 2025, and cannot be considered in this motion.

Findings of Fact
Under FYC-72270-25, it is alleged that on June 14, 2025, AO S.B. took a red Jaguar from a parking lot. He did not have permission from the owner to be in possession of the vehicle, which was valued at over $30,000.
The People allege that AO S.B. is known to police. While investigating the stolen Jaguar, police saw a video he posted on social media on June 19, 2025, depicting himself with a Jaguar vehicle. Because of the video and their knowledge of AO S.B., officers went to AO S.B.'s home, where he resides with his mother. AO S.B. saw law enforcement approaching his home, and he ran into the house through a side door. He came back outside a short time later with his mother. Officers approached and detained AO S.B. An officer recovered the key fob to the red Jaguar from a Supreme branded crossbody satchel on AO S.B.'s person.
Under FYC-72271-25, it is alleged that on June 19, 2025, AO S.B.'s mother signed a permission form for officers to search her home. During the search, an officer recovered a Glock 43X pistol with a Supreme branded rubber band on the handle, loaded with 9 live 9 MM rounds, from a small room at the bottom of the basement stairs. The room was directly accessible through the side door AO S.B. was observed running through when police arrived. Another officer recovered 3.5 grams of a white powder substance, later confirmed to be fentanyl and heroin, a digital scale with residue, and baggies from the basement of the home. Vials were recovered from AO S.B.'s person.
The People further allege that Police located a backpack in AO S.B.'s home that contained 21 key fobs for various vehicle brands.
Under FYC-72309-25/001, it is alleged that on June 19, 2025, AO S.B. had in his [*3]possession and under his control a Dodge Durango, which was reported stolen on June 16, 2025. Officers had observed AO S.B. in the proximity of the Dodge Durango, along with another stolen vehicle, at an apartment building parking lot approximately a half mile from AO S.B.'s home. A detective recovered the keys to the Dodge Durango from the ground in the yard of AO S.B.'s mother's home in the flight path of AO S.B., near the side door where he previously entered the home.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. (CPL § 722.23(1)(a), (d). The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors". NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
This Court must review all the circumstances of this young person and the facts of this case. The People allege that two stolen vehicles, 23 fobs/car keys, one loaded and operable firearm, heroin, fentanyl, packaging associated with the sale of narcotics, and a digital scale with residue on it were recovered in connection with this case.
At this point in the People's investigation, there appear to be potential proof problems with the firearm and narcotics charges. The People allege that, when police arrived, AO S.B. ran through the side door of his home, hid a firearm in the basement, and came back outside with his mother. They allege that the gun was stashed in an area where someone could run to quickly, throw it, and quickly go upstairs and outside. The narcotics were also recovered from the basement. However, while officers witnessed AO S.B. enter the house through the side door, no one witnessed him go into the basement. These allegations are not borne out of allegations of sworn fact based upon personal knowledge of the affiant, as required by CPL § 722.23(1)(b). It is unclear how many people live in AO S.B.'s home or would otherwise have access to the basement. Further, due to no fault of the People, this Court is under statutory time constraints to decide this Motion, and the People do not yet have the results of the DNA analysis. Additionally, aside from the Jaguar and Durango, AO S.B. is only accused of being in possession of a plethora of key fobs, not the actual vehicles.
AO S.B. does not have a history in Youth Part and the People have not met their burden of proving that AO S.B. will not be amenable to or would not benefit in any way from the heightened services of Family Court. See, People v J.P., 80 Misc 3d 1205[A] (Youth Part, Erie County, 2023). Taking into consideration all the aforementioned circumstances, this Court finds that the People have not proven highly unusual and heinous facts.
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare" (Assembly Record, p. 39.) After examining all the circumstances of this case and this youth, this Court finds that extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN